1  **Sanjay S. Schmidt (SBN 247475)**
   **LAW OFFICE OF SANJAY S. SCHMIDT**
2  1388 Sutter Street, Suite 810
3  San Francisco, CA 94109
   T: (415) 563-8583
4  F: (415) 223-9717
   e-mail: ss@sanjayschmidtlaw.com
5
6  **Joseph S. May (SBN 245924)**
   **Has S. Jawandha (SBN 322005)**
7  **LAW OFFICE OF JOSEPH S. MAY**
8  1388 Sutter Street, Suite 810
   San Francisco, CA 94109
9  T: (415) 781-3333
   F: (415) 707-6600
10 e-mail: joseph@josephmaylaw.com
11
   *Attorneys for Plaintiff*,
12 SANTIAGO HUTCHINS
13
14                    **UNITED STATES DISTRICT COURT**
15                    **NORTHERN DISTRICT OF CALIFORNIA**

16 | SANTIAGO HUTCHINS, | ) | Case No. |
|---|---|---|
17 | Plaintiff, | ) ) | **COMPLAINT FOR DAMAGES,** |
18 | vs. | ) ) ) | **DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |
19 | | ) | |
20 | CITY OF VALLEJO, a municipal corporation; City of Vallejo Police Department Officer DAVID McLAUGHLIN, individually; City and County of San Francisco Sheriff's Department Sergeant JOHN DOE, individually; Walnut Creek Police Department Officer JANE DOE, individually; and, DOES 3–50, Jointly and Severally, | ) ) ) ) ) ) ) ) ) ) ) | 1. 42 U.S.C. § 1983 – Civil Rights Violations<br>2. 42 U.S.C. § 1983 – Municipal and Supervisory Liability<br>3. California Civil Code § 52.1 (b) – State Civil Rights Violations<br>4. Cal. Const., Art. I., § 13 Violations<br>5. Assault and Battery<br>6. Negligence |
25 | Defendants. | ) | |

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                  1

Plaintiff, SANTIAGO HUTCHINS, by and through his attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and the LAW OFFICE OF JOSEPH S. MAY, for his Complaint against Defendants, states as follows:

**JURISDICTION AND VENUE**

1. This is a civil-rights action arising from the use of excessive force to which Plaintiff HUTCHINS was subjected by Defendants, on or about August 11, 2018, which occurred in Walnut Creek, California.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because this case is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the Fourth Amendment to the United States Constitution, as well as the laws and Constitution of the State of California.

3. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

4. This Court is the proper venue, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to the claims occurred in the County of Contra Costa.

**PARTIES AND PROCEDURE**

5. Plaintiff SANTIAGO HUTCHINS is a citizen of the United States, a competent adult, and a resident of the State of California.

6. Defendant CITY OF VALLEJO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of Vallejo Police Department Officer DAVID MCLAUGHLIN, named above, as well as to-be-identified DOE Defendants. Under its authority, the CITY operates the Vallejo Police Department ("VPD").

7. Defendant VPD Officer DAVID MCLAUGHLIN (#664) at all material times was employed as a police officer by Defendant CITY, was acting within the course and scope of that employment, and was acting under color of law.

8. Defendant City and County of San Francisco Sheriff's Department ("CCSFSD") Sergeant

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                    2

JOHN DOE at all material times was employed as a Sheriff's Sergeant by CCSFSD, was acting within the course and scope of that employment, and was acting under color of law.

9. Defendant Walnut Creek Police Department ("WCPD") Officer JANE DOE at all material times was employed as a police officer by WCPD, was acting within the course and scope of that employment, and was acting under color of law.

10. At all times mentioned herein, Defendants VPD Officer DAVID McLAUGHLIN, Sergeant JOHN DOE, Officer JANE DOE, and DOES 3 through 50, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with the VPD, CCSFSD, and WCPD, respectively, and acted under color of state law. The Defendants named above and DOES 3 through 50 are sued in their individual capacities.

11. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 3 through 50 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

12. Plaintiff HUTCHINS is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.

13. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

14. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

15. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                 3

1  authorized the acts or omissions of each Defendant as alleged herein, except as may be
2  hereinafter otherwise, specifically alleged.
3  16.     At all material times, each Defendant was jointly engaged in tortious activity, and was an
4  integral participant in the events and violations of rights described herein, resulting in the
5  deprivation of Plaintiff's constitutional rights and other harm.
6  17.     The acts and omissions of all VPD Defendants, including VPD Officer DAVID
7  MCLAUGHLIN, as set forth herein were at all material times pursuant to the actual customs,
8  policies, practices, and procedures of the CITY OF VALLEJO and/or the VPD.
9  18.     At all material times, each Defendant acted under color of the laws, statutes, ordinances,
10 and regulations of the State of California.
11 19.     Plaintiff HUTCHINS timely and properly filed a government code claim with all
12 municipalities whose employees are named herein (either as individual Defendants or to-be-
13 identified DOE Defendants), pursuant to California Government Code § 910 *et seq.*, and this
14 action is timely filed within all applicable statutes of limitation.
15 20.     This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal
16 Rules of Civil Procedure.

## GENERAL ALLEGATIONS

18 21.     Plaintiff re-alleges each and every paragraph in this Complaint, as though fully set forth
19 here.
20 22.     On or about August 11, 2018, in the area of Rocco's Pizzeria, in Walnut Creek, CA, a
21 tense exchange occurred between Plaintiff and Defendant, VPD Officer DAVID
22 MCLAUGHLIN, as they passed one another.
23 23.     After Plaintiff exercised his rights to free speech in this encounter with Defendant VPD
24 Officer DAVID MCLAUGHLIN, who was not on-duty at the time, the situation escalated, and
25 Officer MCLAUGHLIN identified himself as a police officer.
26 24.     Defendant Officer MCLAUGHLIN drew what was, on information and belief, his VPD
27 issued firearm and pointed it at Plaintiff, using the apparent authority granted to him by state law
28 as a police officer, and authoritatively pointing the gun at Plaintiff in the fashion employed by

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                4

police officers; Officer MCLAUGHLIN issued police commands and held Plaintiff at gunpoint, and also expressly identified himself as a police officer to third parties that were present, as he had done with Plaintiff. Officer MCLAUGHLIN also told Plaintiff he was "being charged with" a crime and that he would be "going to jail," purporting to exert the power granted to him by state law to detain Plaintiff at gunpoint, implying to Plaintiff and all observers that he had the power to arrest Plaintiff, and purporting to adopt the role and exert the power of a police officer.

25. As he pointed what, on information and belief, was his VPD issued firearm at Plaintiff, Defendant Officer MCLAUGHLIN threatened to shoot Plaintiff if Plaintiff "charged him," and implied to Plaintiff and all observers that he had the power as a police officer to shoot Plaintiff.

26. Defendant Officer MCLAUGHLIN ordered Plaintiff to put his hands on top of his head, with which order Plaintiff complied. As he pointed his gun at Plaintiff, Defendant Officer MCLAUGHLIN also ordered Plaintiff to get on his knees, by saying, "on your knees," and "get the f--- on your knees."

27. Defendant Officer MCLAUGHLIN also ordered Plaintiff to "turn around."

28. Plaintiff was subjected to excessive force at the hands of Defendant Officer MCLAUGHLIN, who unlawfully brandished his gun, pointed it at Plaintiff, and held Plaintiff at gunpoint.

29. Defendant San Francisco Sheriff's Department Sergeant JOHN DOE, who was also off-duty at the time, observed the incident, and made the specific decision to exert his power as a California peace officer to get involved in the incident on behalf of Defendant Officer MCLAUGHLIN.

30. Defendant San Francisco Sheriff's Department Sergeant JOHN DOE came up behind Plaintiff and, along with Defendant Officer MCLAUGHLIN and a to-be-identified, female City of Walnut Creek Police Department Officer, violently took Plaintiff onto the ground.

31. Immediately after Plaintiff Mr. Hutchins was on the ground, Defendant Officer MCLAUGHLIN began to intentionally target his head and other areas with repeated fist strikes.

32. Defendant MCLAUGHLIN also slammed Plaintiff's head onto the asphalt multiple times.

33. While Plaintiff was defenseless on the asphalt, Defendant Officer MCLAUGHLIN used

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                    5

unreasonable and excessive force upon Mr. Hutchins, intentionally and repeatedly striking him in the head, and causing him to suffer serious injuries.

34. These fist strikes to Plaintiff's head were executed with the acquiescence of the to-be-identified Defendant San Francisco Sheriff's Department Sergeant JOHN DOE, as well as the to-be-identified Defendant Walnut Creek Police Department Officer JANE DOE, both of whom were in a position to and had time to stop Defendant MCLAUGHLIN from using excessive force on Mr. Hutchins, and could have intervened, but failed to do so. As such, both of these Defendants were integral participants in the excessive force.

35. With respect to any violations committed by one officer, where another was close enough and had sufficient time to stop the violations, but failed to do so, they failed to intervene and are liable for both their own violations and as integral participants of one another's violations.

36. Defendants MCLAUGHLIN, JOHN DOE, JANE DOE, and DOES 3-50, by their conduct described herein, caused Plaintiff to be subjected to the use of excessive force. These Defendants violated Plaintiff's rights by their own conduct, and/or by setting in motion a series of acts by others which each Defendant knew or reasonably should have known would cause others to inflict the constitutional injury.

37. Continuing to exert his authority as a California peace officer, Defendant MCLAUGHLIN caused Mr. Hutchins to be arrested by officers from the Walnut Creek Police Department.

38. A bystander captured portions of the incident on video by using their cellular phone.

39. The case was forwarded to the Contra Costa County District Attorney's Office by the Walnut Creek Police Department for review and possible charges, but the District Attorney's Office rejected the case in August 2018; no criminal charges against Plaintiff ensued.

40. On October 12, 2019, Plaintiff, through the undersigned counsel, lodged a complaint against Defendant Officer MCLAUGHLIN with the Internal Affairs ("IA") division of the Vallejo Police Department, reporting the use of excessive and unreasonable force that Defendant MCLAUGHLIN had used, inter alia.

41. The VPD IA division did not formally acknowledge this IA complaint in any way,

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.        6

whether through a letter, email, or phone call.

42. Meanwhile, on January 22, 2019, Defendant Officer David McLAUGHLIN tackled and handcuffed a Vallejo resident, one Adrian Burrell, a filmmaker and former marine, who was passively exercising his First Amendment right to film a traffic stop Defendant McLAUGHLIN was conducting on Mr. Burrell's cousin. Mr. Burrell was filming from his porch, from a safe distance of about 30 feet from the traffic stop, which occurred in Mr. Burrell's driveway. Mr. Burrell suffered a concussion from the assault by Defendant McLAUGHLIN.

43. On February 1, 2019, after receiving no acknowledgement and no response whatsoever to Plaintiff's IA complaint, Plaintiff's counsel called the VPD IA division to inquire about the status of the IA complaint; nobody answered the phone, but a voice mail was left, requesting a call back. Nobody from the IA division ever called back.

44. On February 1, 2019, a follow up letter was also sent, which requested a status update, and noted that, to date, "[w]e have received no response, acknowledgement, status update, or notification of the disposition."

45. The VPD IA division, likewise, failed to respond in any way to this written inquiry.

46. On May 10, 2019, Plaintiff's counsel again called the VPD IA division to inquire about the status of the IA complaint; nobody answered the phone, but a voice mail was left, requesting a call back. As was the case with the previous inquiries, nobody from the IA division ever called back, however.

47. The VPD IA division made no effort whatsoever to interview Mr. Hutchins about his complaint at any time; typically, if a complaint is being investigated, the IA division would at least attempt to speak to the complainant, as part of their investigation. No such effort was made here.

48. Nevertheless, on June 3, 2019, the VPD Professional Standards Division issued a disposition letter regarding the IA complaint, purporting to "exonerate" Defendant McLAUGHLIN, and concluding that the complaint of excessive force was "unfounded."

49. Defendant McLAUGHLIN is known in the CITY OF VALLEJO; other citizens of the CITY have reported incidents with Defendant McLAUGHLIN, in which he has abused his

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                   7

authority as a police officer.

50. In 2014, Defendant MCLAUGHLIN was named in a suit brought by one Frederick Cooley, in which he was sued for allegedly pulling Mr. Cooley over illegally, holding him at gunpoint, and searching his car. The Plaintiff, Mr. Cooley, passed away during the pendency of that suit.

51. Defendant MCLAUGHLIN has also been involved in at least two shootings since he joined the CITY OF VALLEJO Police Department, in 2014.

52. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

53. As a result of the incident described above, in which Plaintiff was subjected to excessive force, Plaintiff sustained fear, anxiety, emotional distress, and economic and noneconomic damages, for which Plaintiff has received medical treatment, and incurred medical bills. Plaintiff's injuries included, but were not necessarily limited to: a concussion, right eye hematoma, facial pain, headache, swelling in the head, face contusions, face lacerations muscle strains, and rib contusions, inter alia.

54. As a direct and proximate result of each Defendant's acts and/or omissions, as set forth above, Plaintiff sustained the following injuries and damages, past and future, including, but not limited to:

    a. Hospital and medical expenses for past and future treatment;
    b. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;
    c. Violations of – and deprivations of – state and federal constitutional rights;
    d. All other legally cognizable special and general damages; and,
    e. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

//
//
//

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                8

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATIONS)**
**PLAINTIFF AGAINST DEFENDANTS McLAUGHLIN, JOHN DOE, JANE DOE, and DOES 3-50**

55. Plaintiff re-alleges each and every paragraph in this Complaint, as though fully set forth here.

56. By the actions and omissions described above, Defendants McLAUGHLIN, JOHN DOE, JANE DOE, and DOES 3-50 violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth Amendment to the U.S. Constitution:

   a. The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment;

   b. The right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment.

57. Plaintiff sustained injuries and damages as set forth at ¶ 54, above, as a direct and proximate result of Defendants' actions and/or omissions.

58. Defendants subjected Plaintiff to their wrongful conduct, and deprived Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

59. The conduct of the individual Defendants and DOES 3-50 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.

60. Plaintiff is also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable California codes and law.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Municipal and Supervisory Liability)**
**PLAINTIFF AGAINST DEFENDANTS CITY OF VALLEJO AND DOES 3-13**

61. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

62. On information and belief, the unconstitutional actions and/or omissions of Defendant McLAUGHLIN and DOES 13–23, as well as any other officers employed by or acting on behalf of Defendant CITY, were pursuant to the following customs, policies, practices, and/or

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                  9

procedures of Defendant CITY's police department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers for Defendant CITY and its police department:

    a. To use or tolerate the use of excessive and/or unjustified force, including the aiming of guns at individuals, as well as intentionally targeting the head of a subject that is face down;

    b. To engage in or tolerate unreasonable seizures;

    c. To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of force;

    d. To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning intentionally targeting the head area with a high degree of force;

    e. To cover-up violations of constitutional rights by any or all of the following:

        i. by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, and/or racial profiling;

        ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and obstruct and/or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    f. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and,

    g. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

63. Defendants CITY, its police department, and DOES 3–13 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants MCLAUGHLIN and DOES 13–23, and other Police Department personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                    10

64.     The unconstitutional actions and/or omissions of Defendants MCLAUGHLIN and DOES 13–23, and other Police Department personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the CITY and the VPD. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY and the VPD, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY and the VPD have approved of the conduct of Defendants MCLAUGHLIN and DOES 13–23, and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the CITY and the VPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

65.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants MCLAUGHLIN and DOES 13–23, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 USC §1983, as more fully set forth in ¶¶ 55-59, above.

66.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY, VPD, and DOES 3–13, as described above, Plaintiff suffered injuries, constitutional violations, liberty deprivations, and incurred damages, and thus, he is entitled to damages, penalties, costs, and attorneys' fees, as set forth in ¶ 54, above, and he is entitled to punitive damages against the to-be-identified policy maker and/or supervisorial Defendants in their individual capacities.

//

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                 11

# THIRD CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)
**PLAINTIFF AGAINST DEFENDANTS McLAUGHLIN, JOHN DOE, JANE DOE, and DOES 3-50**

67. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

68. By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy, as described above, interfered with, and/or attempted to interfere with, and violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

   a. The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

   b. The right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments;

   c. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

   d. The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13; and,

   e. The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

69. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was not necessary or inherent to Defendants' violation of Plaintiff's rights, nor to any legitimate law enforcement activity.

70. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

71. Defendant CITY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

72. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                12

sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 54, and to punitive damages against the individual Defendants and DOES 3–50 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties. No punitive damages are sought against Defendant CITY directly.

**FOURTH CAUSE OF ACTION**
**(CAL. CONST., ART. I, § 13)**
**<u>PLAINTIFF AGAINST DEFENDANTS McLAUGHLIN, JOHN DOE, JANE DOE, and DOES 3-50</u>**

73. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

74. The excessive force, and/or the wrongful setting into motion of the chain of events that led to the excessive force used on Plaintiff, and the other liberty deprivations that occurred, violated Plaintiff's rights under Article I, § 13 of the California Constitution, thereby entitling Plaintiff to damages.

75. Defendant CITY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

76. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 54. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

77. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against the CITY directly.

//
//
//
//

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                13

**FIFTH CAUSE OF ACTION**
**(ASSAULT AND BATTERY)**
**PLAINTIFF AGAINST DEFENDANTS McLAUGHLIN, JOHN DOE, JANE DOE, and DOES 3-50**

78. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

79. By the acts of the individually named Defendants and DOES 3-50, as alleged herein, Plaintiff was subjected to an assault and battery, thereby entitling Plaintiff to damages pursuant to California law.

80. The aiding and abetting and/or failure to intervene and/or failure to prevent this assault and battery gives rise to liability on the part of the other individually named and/or DOE Defendants.

81. Defendant CITY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

82. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 54. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

83. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against the CITY directly.

**SIXTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST DEFENDANTS McLAUGHLIN, JOHN DOE, JANE DOE, and DOES 3-50**

84. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

85. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

86. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.            14

87. These general duties of reasonable care and due care owed to Plaintiff by all Defendants Include, but are not limited to, the following specific obligations:

   a. to refrain from using, or causing to be used, excessive and/or unreasonable force against Plaintiff;
   b. to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;
   c. to refrain from abusing their authority granted them by law;
   d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

88. Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants CITY, VPD, and DOES 3–50, include but are not limited to the following specific obligations:

   a. to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of force;
   b. to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or VPD officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;
   c. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;
   d. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶¶ 61-66, above.

89. Defendants, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiff.

90. Defendant CITY is vicariously liable, pursuant to California Government Code § 815.2.

91. As a direct and proximate result of the Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 54, and to punitive damages against the individual Defendants. No punitive damages are sought against the CITY directly.

//
//
//

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.                    15

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HUTCHINS respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a.    Compensatory damages in an amount according to proof and which is fair, just and reasonable;

    b.    Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant CITY);

    c.    For attorney's fees and costs of suit under 42 U.S.C. § 1988;

    d.    For attorney's fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1(h);

    e.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Code of Civil Procedure § 1021.5, California Civil Code §§ 52 et seq. and 52.1, and as otherwise may be allowed by California and/or federal law;

    f.    Injunctive relief, including, but not limited to, the following:

        i.    An order prohibiting Defendant CITY and its law enforcement officers from engaging in the unconstitutional customs, policies, practices, training, and supervision as may be determined and/or adjudged by this case; and,

    g.    For such other and further relief as this Court may deem appropriate, just, or proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure, for all claims for which a jury is permitted

Dated: September 11, 2019    **LAW OFFICE OF SANJAY S. SCHMIDT**
    -and-
    **LAW OFFICE OF JOSEPH S. MAY**


*/s/ Sanjay S. Schmidt*
By: Sanjay S. Schmidt
Attorneys for Plaintiff,
SANTIAGO HUTCHINS

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No.    16