**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Joseph S. May (SBN 245924)**
**Has S. Jawandha (SBN 322005)**
**LAW OFFICE OF JOSEPH S. MAY**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 781-3333
F: (415) 707-6600
e-mail: joseph@josephmaylaw.com

*Attorneys for Plaintiff*,
SANTIAGO HUTCHINS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO HUTCHINS, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF VALLEJO, a municipal corporation; City of Vallejo Police Department Officer DAVID McLAUGHLIN, individually; City and County of San Francisco Sheriff's Department Sergeant JOHN DOE, individually; Walnut Creek Police Department Officer JANE DOE, individually; and, DOES 3–50, Jointly and Severally, <br><br> Defendants. | Case No. 4:19-cv-05724-YGR <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO CITY OF VALLEJO'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Hearing Date:** February 4, 2020 <br> **Time:** 2:00 p.m. <br> **Courtroom:** 1, Fourth Floor <br> **Courthouse:** Oakland <br> **Judge:** Hon. Yvonne Gonzalez Rogers |

//
//
//

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                     1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ………………………………………………………………… ii

I.   **INTRODUCTION & STATEMENT OF THE ISSUES TO BE DECIDED**…2

II.  **STATEMENT OF FACTS** ……………………………………………………….. 3

III. **LEGAL STANDARD** ……………………………………………………..…… 5

IV.  **ARGUMENT** ……………………………………………………………………… 7

   a. **Plaintiff Has Sufficiently Pleaded a *Monell* claim against the City of Vallejo.** ……………………………………………………………………….. 7

      i.  A proper reading of Plaintiff's Complaint demonstrates that the City's first argument for dismissal fails because Plaintiff's *Monell* claim is not supported "solely" by reference to other lawsuits and allegations of wrongdoing by McLaughlin. ……………………………8

      ii. The City's second argument for dismissal is logically flawed because it is predicated on a misapprehension of the facts concerning which agency conducted the investigation into Ofc. McLaughlin's use of excessive force and which agency had the power to discipline Ofc. McLaughlin for the conduct, and these flaws are fatal to the City's entire analysis on *Monell* causation. …………………………………… 13

V.   **CONCLUSION** ……………………………………………………….…….. 14

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                i

# TABLE OF AUTHORITIES

**Statutes & Federal Rules**

42 U.S.C. § 1983 …………………………………………………………………….*passim*

Fed. R. Civ. Proc. 8 …………………………………………………………………...…5, 6, 7

Fed. R. Civ. Proc. 12 ……………………………………………………………………..2, 4, 7

Fed. R. Civ. Proc. 15 ……………………………………………………………………………..7

**Cases**

*AE ex rel. Hernandez v. Cty. of Tulare*
    666 F.3d 631 (9th Cir. 2012) ……………………………………..………10, 12

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) …………………………………………………………...5, 6, 7

*Bell Atlantic v. Twombly*
    550 U.S. 544 (2007) ……………………………………………………...…5, 6, 7

*Burns v. City of Concord*
    99 F. Supp. 3d 1007 (N.D. Cal. 2015) …………………………………….……13

*Clouthier v. Cty. of Contra Costa*
    591 F.3d 1232 (9th Cir. 2010) …………………………………………………….8

*Cormier v. All Am. Asphalt*
    458 F. App'x 620 (9th Cir. 2011) …………………………………….…………6

*Davis v. Clearlake Police Dep't*
    No. C-07-03365 EDL, 2008 U.S. Dist. LEXIS 67672 (N.D. Cal. Sep. 3, 2008) ……….12

*Dominguez v. City of L.A.*, No. CV 17-4557-DMG (PLAx)
    2018 U.S. Dist. LEXIS 228425 (C.D. Cal. May 24, 2018) ……………………… 11

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR      ii

*Dougherty v. City of Covina*
    654 F.3d 892 (9th Cir. 2011) ………………………………………………………10

*Erickson v. Pardus*
    551 U.S. 89 (2007) ……………………………………………………………….6

*Hightower v. Tilton*
    No. C08-1129-MJP, 2012 U.S. Dist. LEXIS 50362 (E.D. Cal. Apr. 10, 2012) ……..…7

*Isayeva v. Cnty. of Sacramento,* No. 2:13-CV-02015-KJM-KJN,
    2014 U.S. Dist. LEXIS 67917 (E.D. Cal. May 16, 2014) ………………………...………5

*Johnson v. City of Shelby*
    574 U.S. 10 (2014) ……………………………………………………………..…7

*Johnson v. Shasta Cnty.*
    83 F. Supp. 3d 918 (E.D. Cal. 2015) ……………………………………………..7

*Karim-Panahi v. L.A. Police Dep't*
    839 F.2d 621 (9th Cir. 1988) ……………………………………………………..7

*Lacey v. Maricopa Cnty. (Arpaio) (en banc)*
    693 F.3d 896 (9th Cir. 2012) ……………………………………………………..7

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*
    507 U.S. 163 (1993) ……………………………………………………………...5, 7

*Lopez v. Smith (en banc)*
    203 F.3d 1122 (9th Cir. 2000) …………………………………………………………7

*M.M. v. Cty. of San Mateo,* No. 18-cv-05396-YGR
    2019 U.S. Dist. LEXIS 16742 (N.D. Cal. Feb. 1, 2019) …………………...……8, 10, 12

*Monell v. Dep't of Soc. Servs.*
    436 U.S. 658 (1978) ……………………………………..………………….. *passim*

*Skilstaf, Inc. v. CVS Caremark Corp.*
    669 F.3d 1005 (9th Cir. 2012) ……………………………………………..……..5, 8

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011) ……………………………………………..……..6, 9

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR           iii

*Swierkiewicz v. Sorema, N.A.*
    534 U.S. 506 (2002) …………………………………………………..……….5, 6
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
    551 U.S. 308 (2007) …………………………………………………..……… 5
*Vasquez v. Los Angeles Cnty.*
    487 F.3d 1246 (9th Cir. 2007) ………………………………………………… 5
*Zampetis v. City of Atl. City,* No. 1:15-cv-01231-NLH-AMD
    2017 U.S. Dist. LEXIS 101039 (D.N.J. June 29, 2017) ………………………….…… 11

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                              iv

## I. INTRODUCTION & STATEMENT OF THE ISSUES TO BE DECIDED

This is a civil rights action arising out of an incident in which Defendant David McLaughlin ("McLaughlin"), an off-duty City of Vallejo Police Department Officer, acted under color of law and unlawfully brandished his gun, pointed it at Plaintiff, and held Plaintiff at gunpoint, after a tense exchange with Plaintiff outside of a pizzeria in the City of Walnut Creek. ECF No. 1, ¶¶ 22-28. Plaintiff was taken to the ground by McLaughlin and two other, to-be-identified officers who are employed by different departments and, after Mr. Hutchins was already face-down on the ground, Defendant McLaughlin intentionally struck Plaintiff in the head repeatedly. *Id*. at ¶¶ 30-33.[1] Defendant McLaughlin has been implicated in a number of other incidents involving excessive force and other constitutional transgressions. *Id*., ¶¶ 42, 49, 50, 51. An internal affairs complaint was made with the City concerning the incident giving rise to this suit, but the City never acknowledged the complaint, and never even attempted to interview Mr. Hutchins, but later "exonerated" Defendant McLaughlin, on June 3, 2019. *Id*., ¶ 48.

Defendant City of Vallejo ("City") has moved, pursuant to Rule 12(b)(6) of the Federal Rules, to dismiss certain components of the Second Cause of Action in Plaintiff's Complaint, advancing two arguments: (1) that Plaintiff cannot "proceed with a *Monell* claim premised on allegations of claims and lawsuits made against the Department that have not resulted in a finding of misconduct (whether past, current, or future)"; and (2) that "the allegations of unconstitutional customs and policies by the" City "are not viable given that the investigations of the incident were under the purview of the City of Walnut Creek." ECF No. 14 at 3:10-18. Defendant City's arguments both fail. The first argument is based on a mischaracterization and oversimplification of Plaintiff's Complaint. The second argument is based on the factually incorrect premise that the internal investigation of Ofc. McLaughlin's use of force on Plaintiff was conducted by the City of Walnut Creek, which it decidedly was not, nor could it have been, because he is an employee of the City of Vallejo. These arguments are addressed below in turn.

---

[1] These head strikes were captured on video by a bystander, which can be viewed by the Court at this link: https://tinyurl.com/r5qh7bh

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                                 2

## II. STATEMENT OF FACTS

The allegations in Plaintiff's Complaint that are pertinent to the City's motion[2] are as follows. Defendant McLaughlin at all material times was employed as a police officer by Defendant City, was acting within the course and scope of that employment, and was acting under color of law. *Id*., ¶ 7. After subjecting Plaintiff to excessive force, McLaughlin continued to exert his authority as a California peace officer, causing Mr. Hutchins to be arrested by officers from the Walnut Creek Police Department. *Id*., ¶ 37. A bystander captured portions of the incident on video by using their cellular phone. *Id*., ¶ 38. The case was forwarded to the Contra Costa County District Attorney's Office by the Walnut Creek Police Department for review and possible charges, but the District Attorney's Office rejected the case in August 2018; no criminal charges against Plaintiff ensued. *Id*., ¶ 39. On October 12, 2019, Plaintiff, through the undersigned counsel, lodged a complaint against Defendant Officer McLaughlin with the Internal Affairs ("IA") division of the Vallejo Police Department ("VPD"), reporting the use of excessive and unreasonable force by McLaughlin, inter alia. *Id*., ¶ 40. The VPD IA division did not formally acknowledge this IA complaint in any way, whether through a letter, email, or phone call. *Id*., ¶ 41.

Meanwhile, on January 22, 2019, Defendant McLaughlin tackled and handcuffed a Vallejo resident, one Adrian Burrell, a filmmaker and former marine, who was passively exercising his First Amendment right to film a traffic stop Defendant McLaughlin was conducting on Mr. Burrell's cousin. *Id*., ¶ 42. Mr. Burrell was filming from his porch, from a safe distance of about 30 feet from the traffic stop, which occurred in Mr. Burrell's driveway. Mr. Burrell suffered a concussion from the assault by Defendant McLaughlin. *Id*. This incident was captured on video by Mr. Burrell, and was captured by Defendant McLaughlin's body worn camera. https://www.sfchronicle.com/crime/article/Police-investigate-video-of-alleged-assault-of-a-13579568.php <last visited January 14, 2020>. As such, it is disingenuous for the City to

---

[2] The City omitted a number of Plaintiff's *Monell* allegations in its motion to dismiss, so Plaintiff will attempt to include these.

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                              3

characterize this incident as "unsubstantiated," as City does in its motion to dismiss. *See* ECF No. 14 at 10:12-16. There are numerous other news stories concerning this incident, too.

On February 1, 2019, Plaintiff's counsel called the VPD IA division to inquire about the IA complaint, following up the call with a letter; the VPD IA division failed to respond to either inquiry. ECF No. 1, ¶¶ 43-45. Another inquiry by counsel to the VPD IA division was made on May 10, 2019, but as was the case with the previous inquiries, nobody answered the phone, nor did anybody ever return the call. *Id*., ¶ 46. The VPD IA division made no effort whatsoever to interview Mr. Hutchins about his complaint at any time; typically, if a complaint is being investigated, the IA division would at least attempt to speak to the complainant, as part of their investigation. *Id*., ¶ 47. No such effort was made here. *Id*. Nevertheless, on June 3, 2019, the VPD Professional Standards Division issued a disposition letter regarding the IA complaint, purporting to "exonerate" Defendant McLaughlin, and concluding that the complaint of excessive force was "unfounded." *Id*., ¶ 48.

McLaughlin is known in the City of Vallejo; other citizens of the City have reported incidents with McLaughlin, in which he has abused his authority as a police officer. *Id*., ¶ 49. In 2014, Defendant MCLAUGHLIN was named in a suit brought by one Frederick Cooley, in which he was sued for allegedly pulling Mr. Cooley over illegally, holding him at gunpoint, and searching his car. *Id*., ¶ 50. McLaughlin has also been involved in at least two shootings since he joined the CITY OF VALLEJO Police Department, in 2014. *Id*., ¶ 51.

Plaintiff's Complaint alleges, on information and belief, that Defendant McLaughlin's unconstitutional actions were pursuant to customs, policies, practices, and/or procedures of the City's police department, which were directed, encouraged, allowed, and/or ratified by policy-making officers for the City and its police department, *Id*., ¶¶ 62, 62a-62g; these are discussed and set forth in detail below. Plaintiff's Complaint outlines additional allegations in the *Monell* cause of action concerning the supervision, investigation, and discipline of Defendant McLaughlin, as well as the ratification of McLaughlin's conduct in the incident that gave rise to this suit. *See Id*., ¶¶ 63-65.

//

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                         4

### III. LEGAL STANDARD

"Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Isayeva v. Cnty. of Sacramento*, No. 2:13-CV-02015-KJM-KJN, 2014 U.S. Dist. LEXIS 67917, at *5 (E.D. Cal. May 16, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A district court reviewing a complaint under Rule 12(b)(6) must "construe the complaint in a light most favorable to the non-moving party," *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007), *cert. denied*, 552 U.S. 1062 (2007), and it "'must consider the complaint in its entirety[.]'" *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

A complaint must satisfy the general notice pleading requirements of Federal Rule of Civil Procedure 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule reflects a simplified and lenient pleading system that "was adopted to focus litigation on the merits of a claim" rather than on technicalities that could keep litigants out of court. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513–14 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions"); *see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993) (no heightened pleading standard for *Monell* claims).

In *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), the Court held that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* at 555. The factual allegations must only "be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). The *Twombly* Court stressed that it was not imposing a probability requirement on plaintiffs at the pleading stage. *Id.* at 556. Rather, the claims must be "plausible," which "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the allegations. *Id.* The Court explained: "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                                 5

actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (quotations omitted). Two weeks after deciding *Twombly*, the Court issued *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), and put to rest any question that *Twombly* overruled Rule 8(a)'s general notice-pleading scheme:

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'

*Id.* at 93 (quoting *Twombly,* 550 U.S. at 555); *see also Cormier v. All Am. Asphalt*, 458 F. App'x 620, 620 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 569–70) ("*Swierkiewicz* is still good law after *Twombly* and *Iqbal*. This is supported by the language of *Twombly*, which rejected the argument that its analysis 'runs counter to *Swierkiewicz*.'").

In *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012), the Ninth Circuit noted two principles common to *Swierkiewicz*, *Erickson*, *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr*, 652 F.3d at 1216. The Court went on to explain *Twombly* and *Iqbal*'s, "plausibility" requirement as follows:

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'

*Id.* at 1216–17 (quoting *Iqbal*, 556 U.S. at 681) (emphasis in original). The en banc Ninth Circuit explained: "*Iqbal* demands more of plaintiffs than bare notice pleading, *see Iqbal*, 556 U.S. at 677–78; *Twombly,* 550 U.S. at 562–63, but it does not require us to flyspeck complaints looking

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                                                              6

for any gap in the facts." *Lacey v. Maricopa Cnty. (Arpaio)*, 693 F.3d 896, 924 (9th Cir. 2012) (en banc).

The Supreme Court reaffirmed that a federal court may not apply a standard "'more stringent than the usual pleading requirements of Rule 8(a)'" in "'civil rights cases alleging municipal liability.'" *Johnson v. City of Shelby*, 574 U.S. 10 (2014), 135 S. Ct. 346, 347 (2014) (per curiam) (quoting *Leatherman*, 507 U.S. at 164). *Johnson* also reaffirmed that a plaintiff in a civil rights case need only state "simply, concisely, and directly" the events that they allege entitle them to damages. *Id.* at 347. Where a plaintiff informs the municipality of the factual basis for the complaint, the plaintiff is "required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Id.* Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.* at 346; *see also Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 933 (E.D. Cal. 2015) (citing *Johnson v. City of Shelby*, 135 S. Ct. 346) (holding that, in civil rights cases, courts apply the usual pleading requirements)).

Pleading facts "'on information and belief' is sufficient to survive a motion to dismiss as long as the other *Iqbal-Twombly* factors are satisfied." *Johnson*, 83 F. Supp. 3d at 926 (citing *Hightower v. Tilton*, No. C08-1129-MJP, 2012 U.S. Dist. LEXIS 50362, at *8–9 (E.D. Cal. Apr. 10, 2012) (citing *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988))).

Finally, unless amendment would be futile, a district court should freely grant the plaintiff leave to amend the complaint. Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("If a Rule 12(b)(6) motion to dismiss is granted, '[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'")).

**IV. ARGUMENT**

**a. Plaintiff Has Sufficiently Pleaded a *Monell* claim against the City of Vallejo.**

As noted by this Court, "[a] plaintiff may state a claim for Section 1983 liability against a municipality under *Monell* in any of three circumstances: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                    7

to a local government policy of 'deliberate indifference' to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate' unconstitutional conduct." *M.M. v. Cty. of San Mateo*, No. 18-cv-05396-YGR, 2019 U.S. Dist. LEXIS 16742, at *5-6 (N.D. Cal. Feb. 1, 2019) (citing *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010).)

> i. **A proper reading of Plaintiff's Complaint demonstrates that the City's first argument for dismissal fails because Plaintiff's *Monell* claim is not supported "solely" by reference to other lawsuits and allegations of wrongdoing by McLaughlin.**

Defendant City necessarily mischaracterizes and oversimplifies Plaintiff's Complaint in order to set up and advance its first argument, which is that Plaintiff's *Monell* claim is supported "solely by … references to other lawsuits and allegations of wrongdoing by McLaughlin[.] …" ECF No. 14 at 10:11-13. A plain reading of Plaintiff's Complaint, considered in its entirety as required by the controlling authorities, *Skilstaf, Inc.*, 669 F.3d at 1016 n.9, demonstrates that Defendant's contention is not accurate; Plaintiff's *Monell* claim is predicated on a multitude of allegations, including a number of specifically alleged customs, policies, practices, and/or procedures, *see* ECF No. 1, ¶¶ 62, 62a-62g, and the fact that Plaintiff lodged an IA complaint with the VPD against Ofc. McLaughlin, but the VPD IA never acknowledged the complaint, never returned the undersigned counsel's phone calls or responded to the undersigned's letter, and made no effort to interview Mr. Hutchins concerning the complaint. ECF No. 1, ¶¶ 40, 41, 43-48. Yet, the City, by and through the VPD Professional Standards Division, nevertheless issued a disposition letter regarding the IA complaint, concluding that the complaint of excessive force was "unfounded." *Id*., ¶ 48. Thus, the City's contention that Plaintiff's *Monell* claim is supported "solely by … references to other lawsuits and allegations of wrongdoing by McLaughlin" is simply inaccurate, and this is a fatal flaw in the first argument for dismissal.

Indeed, Plaintiff's Complaint alleges that the unconstitutional actions and/or omissions of Defendants McLaughlin, DOES 13–23, and other Police Department personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the City and the VPD. *Id*. ¶ 64. And, the Complaint alleges that the details of this incident have been revealed to

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                                 8

the authorized policy makers within the City and the VPD, and that such policy makers have direct knowledge of the facts of this incident. *Id*. Notwithstanding this knowledge, the authorized policy makers within the City and the VPD have approved of the conduct of Defendants McLaughlin and DOES 13–23, and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. *Id*. The Complaint alleges that, by so doing, the authorized policy makers within the City and the VPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers. *Id*. At minimum, the factual information pleaded in the Complaint regarding the investigation, coupled with the fact that McLaughlin's use of force was captured on video and VPD's letter nonetheless found McLaughlin had done nothing wrong, plausibly suggests that the City ratified Defendant McLaughlin's use of excessive force. *Starr*, 652 F.3d at 1216-17 (factual allegations need only plausibly suggest an entitlement to relief).

Furthermore, this ratification by the City provides factual amplification to Plaintiff's detailed allegations that the unconstitutional actions of Defendant McLaughlin were pursuant to the following customs, policies, practices, and/or procedures of Defendant City's police department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers for Defendant City and its police department:

    a. To use or tolerate the use of excessive and/or unjustified force, including the aiming of guns at individuals, as well as intentionally targeting the head of a subject that is face down;

    b. To engage in or tolerate unreasonable seizures;

    c. To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of force;

    d. To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning intentionally targeting the head area with a high degree of force;

    e. To cover-up violations of constitutional rights by any or all of the following:

        i. by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, and/or racial profiling;

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                                        9

  ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

  iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and obstruct and/or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

 f. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and,

 g. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct. *Id.*, ¶¶ 62, 62a-62g.

Therefore, as this Court explained in a previous Order, denying a municipality's motion to dismiss a *Monell* claim, "[u]nlike the 'formulaic recitation of a cause of action's elements' in *Dougherty [v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)], plaintiff enumerates" no less than seven customs, policies, practices, and/or procedures," as set forth above and in ¶¶ 62a-62g of the Complaint. *M.M. v. Cty. of San Mateo*, No. 18-cv-05396-YGR, 2019 U.S. Dist. LEXIS 16742, at *8-9 (N.D. Cal. Feb. 1, 2019). And, as was the case in *M.M.*, Plaintiff also provides factual support for these allegations. *M.M.*, 2019 U.S. Dist. LEXIS at *9 (citing *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 640 (9th Cir. 2012) (holding that "plausible facts supporting a policy or custom...could cure[ ] the deficiency in [a] *Monell* claim")). The factual support includes: the City's failure to thoroughly investigate the Plaintiff's complaint before exonerating Ofc. McLaughlin, the City's ratification of Ofc. McLaughlin's excessive force, and the City's failure to discipline or terminate Ofc. McLaughlin even after the incident with Plaintiff and the incident with Mr. Burrell (both of which were captured on video), inter alia.

 Indeed, the City in its moving papers appears to state that its position is that there was no misconduct committed by Ofc. McLaughlin in the incident with Mr. Burell, which occurred about five (5) months after the incident that gave rise to the instant suit, stating: "The CITY denies any allegations of wrongdoing in this case which is currently pending in the Eastern District

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR 10

of California." ECF No. 14 at 4:24 (citing and requesting judicial notice of Case No. 2:19-cv-01898-WBS-KJN). The fact that the Burrell case has not yet gone to trial (and, thus, there has not yet been a formal adjudication) is hardly grounds for the City to disingenuously contend that the incident is "unsubstantiated" and, thus, irrelevant to the *Monell* claim here. First, the incident was captured on video by the victim and McLaughlin's body camera, so it is not "unsubstantiated"; moreover, if the City's argument were taken to its logical extreme, then all a municipality would have to do to preclude other acts of officers from forming any basis for *Monell* claims would be to uniformly exonerate the officers, deny misconduct, and then assert that the other incidents are "unsubstantiated." As long as the other incidents had not gone to trial yet and there was no other formal adjudication, then such evidence would never be relevant. That is not the law, and would lead to absurd results.

Additionally, to the extent the authority relied on by the City concerned *Monell* claims alleging that multiple lawsuits for civil rights violations have been filed against a municipality, which such authority found does not, alone, support a *Monell* claim, such cases are distinguishable from the instant case, where there are multiple claims and allegations against the same officer. Courts have found *Monell* claims based on multiple claims and allegations against the same officer to be cognizable. *Dominguez v. City of L.A.*, No. CV 17-4557-DMG (PLAx), 2018 U.S. Dist. LEXIS 228425, at *11-12 (C.D. Cal. May 24, 2018) ("Such evidence may also be relevant to plaintiffs' *Monell* claim against the City, as prior complaints of force could show that defendant Medina's alleged violent propensity was known to defendant City, that defendant City condoned the behavior, and that such behavior was part of a larger pattern of defendant City's officers."); *see also Zampetis v. City of Atl. City*, No. 1:15-cv-01231-NLH-AMD, 2017 U.S. Dist. LEXIS 101039, at *4-6 (D.N.J. June 29, 2017).

Plaintiff's Complaint also alleges that Defendants City of Vallejo, its police department, and DOES 3–13 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants McLaughlin, DOES 13–23, and other Police Department personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above. *Id.*, ¶ 63.

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                    11

Lastly, Plaintiff's Complaint alleges that the aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants McLaughlin and DOES 13–23, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 USC §1983. *Id.*, ¶ 65.

Defendant City contends that Plaintiff's *Monell* "claim should be dismissed to the extent it relies on prior conduct by MCLAUGHLIN as alleged in paragraphs 42, 50, and 51 in the Complaint." ECF No. 14 at 10:15-17. As explained above, Plaintiff's *Monell* claim does not rely solely on prior or subsequent conduct by McLaughlin; as such, it does not appear necessary to address the panoply of cases relied on by the City to advance this argument. Nevertheless, Plaintiff will discuss a few of them to demonstrate why they are inapposite here.

The City relies on a patchwork of cases to support this argument, but its reliance is misplaced. For example, City cites *Davis v. Clearlake Police Dep't*, No. C-07-03365 EDL, 2008 U.S. Dist. LEXIS 67672, at *24 (N.D. Cal. Sep. 3, 2008), but *Davis* is distinguishable for a number of reasons, including because the complaint at issue there did not contain the detailed allegations present in Plaintiff's Complaint, *see* ECF No. 1, ¶¶ 62, 62a-62g. Additionally, the *Davis* opinion is a ruling on a summary judgment motion, not a motion to dismiss, where the allegations must be accepted as true; discovery had presumably already been conducted –factual allegations are not sufficient – evidence is required to support claims at that stage. The *Davis* case is characteristic of the cases relied on by the City; they are distinguishable and inapposite as to the Plaintiff's *Monell* claim in the instant case.

Thus, contrary to Defendant City's erroneous assertions, Plaintiff's *Monell* claim is supported by a multitude of allegations that "'plausibly suggest an entitlement to relief' and 'give fair notice and . . . enable the [County] to defend itself effectively[,]'" *M.M.*, 2019 U.S. Dist. LEXIS at *10 (quoting *AE ex rel. Hernandez*, 666 F.3d at 636-37), not "solely by … references to other lawsuits and allegations of wrongdoing by McLaughlin[.]" ECF No. 14 at 10:11-13.

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                           12

### ii. The City's second argument for dismissal is logically flawed because it is predicated on a misapprehension of the facts concerning which agency conducted the investigation into Ofc. McLaughlin's use of excessive force and which agency had the power to discipline Ofc. McLaughlin for the conduct, and these flaws are fatal to the City's entire analysis on *Monell* causation.

City's second argument for dismissal appears to be the logically flawed contention that there is no causation because "this case concerns an off-duty arrest, with the Walnut Creek Police department investigating the charges," and, "[g]iven that the underlying criminal investigations were handled by the Walnut Creek Police Department as stated in the Complaint, any alleged wrongdoing connected to the investigations of wrongdoing would therefore be outside of the control of the CITY and therefore cannot be maintained in this action." ECF No. 14 at 11:3-24. At the risk of "tilting at windmills" like Don Quixote, Plaintiff attempts to respond to this argument.

This contention by City is premised on its apparent belief, albeit wholly erroneous, that the City of Walnut Creek's purported investigation of "the charges" (whatever this means), ECF No. 14 at 11:4, is somehow germane to Plaintiff's excessive force complaint that was **lodged with the City of Vallejo Police Department**; Plaintiff lodged the IA complaint with the VPD because it is the department that employs Defendant McLaughlin. The City of Walnut Creek did not employ Ofc. McLaughlin, and, thus, would have had no ability to impose any administrative discipline or penalties. The most the City of Walnut Creek could have done would be to investigate the conduct of its own officers, perhaps refer the matter to the IA division of the VPD, or perhaps recommend criminal charges against Ofc. McLaughlin to the Contra Costa County D.A.'s Office. *See e.g. Burns v. City of Concord*, 99 F. Supp. 3d 1007, 1032 (N.D. Cal. 2015) ("Furthermore, to the extent that Plaintiffs' *Monell* claims are based on Contra Costa County's or the City of Antioch's 'prior knowledge of the propensity of the Concord Police Department and Concord Police Officers to engage in unlawful acts in violation of persons['] constitutional rights, particularly with regard to excessive force,' and Contra Costa County's or the City of Antioch's deliberate indifference to that propensity, *see* TAC ¶¶ 148, 162, the claims fail. As the court explained in its previous order, Contra Costa County and the City of Antioch are not responsible for training Concord police officers, and Plaintiffs have had numerous

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                                                    13

opportunities to re-allege these claims. Plaintiffs' *Monell* claims against Contra Costa County and the City of Antioch are dismissed with prejudice to the extent that they are based on Contra Costa County's and the City of Antioch's alleged failure to prevent the Concord police officers from violating the Fourth Amendment."). Whereas, in actuality, the IA complaint against Ofc. McLaughlin was filed with the City of Vallejo's VPD, a fact the City presumably is aware of, since the complaint was received and an "investigation" purportedly was conducted, according to the letter received by Plaintiff's counsel.

In sum, the City's second argument for dismissal, which is based on the logically flawed contention that Plaintiff's *Monell* claim fails because a different agency handled the underlying <u>criminal</u> investigations, is entirely unavailing and misses the mark.

## V. CONCLUSION

For the foregoing reasons, Defendant City of Vallejo's motion to dismiss should be denied in its entirety. However, if the Court is inclined to grant any part of the motion, Plaintiff respectfully requests leave to amend his Complaint.

Dated:  January 15, 2020                    **LAW OFFICE OF SANJAY S. SCHMIDT**
                                            **-and-**
                                            **LAW OFFICE OF JOSEPH S. MAY**

                                            */s/ Sanjay S. Schmidt*
                                            By: Sanjay S. Schmidt
                                            Attorneys for Plaintiff,
                                            SANTIAGO HUTCHINS

Pltf's Resp. in Opp. To City of Vallejo's MTD; Memo of Ps & As ISO Thereof
*Hutchins v. City of Vallejo, et al.*
USDC (N.D. Cal.) Case No. 4:19-cv-05724-YGR                                      14