United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SANTIAGO HUTCHINS,

  Plaintiff,

  vs.

CITY OF VALLEJO, ET. AL.,

  Defendants.

CASE NO. 19-cv-05724-YGR

**ORDER DENYING DEFENDANT CITY OF VALLEJO'S MOTION TO DISMISS**

Re: Dkt. No. 14

Plaintiff Santiago Hutchins brings this action against defendants City of Vallejo ("Vallejo"), David McLaughlin, City and County of San Francisco Sheriff's Department John Doe, Walnut Creek Police Department Office Jane Doe, and Does 3-50. Based upon an alleged interaction between Hutchins and the individual defendants, Hutchins alleges six causes of action: (1) violations of his civil rights under 42 U.S.C. Section 1983, including unreasonable search and seizure, and excessive and unreasonable force and force and restraint in the course of arrest or detention, against officers McLaughlin, John Doe, Jane Doe, and Does 3-50; (2) deprivation of those same constitutional rights in violation of Section 1983, pursuant to *Monell*, against Vallejo and Does 3-13; (3) violation of California Civil Code § 52.1, the Bane Act, against officers McLaughlin, John Doe, Jane Doe, and Does 3-50; (4) violation of Hutchins' rights under Article I, Section 13 of the California Constitution against officers McLaughlin, John Doe, Jane Doe, and Does 3-50; (5) assault and battery against officers McLaughlin, John Doe, Jane Doe, and Does 3-50;and (6) negligence officers McLaughlin, John Doe, Jane Doe, and Does 3-50.

Now pending before the Court is Vallejo's motion to dismiss Hutchins' complaint pursuant to Rule 12(b)(6). (Dkt. No. 14.) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **DENIES** the motion.

The Court is guided by established precedent in the Rule 12(b)(6) context: a complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads

1  factual content that allows the court to draw the reasonable inference that the defendant is liable

2  for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3      Having reviewed the complaint, as well as the arguments advanced in the briefing the

4  Court concludes that Hutchins has sufficiently and adequately pled a Section 1983 claim pursuant

5  to *Monell*. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978).

6  Indeed, Vallejo's arguments advanced in the motion inappropriately narrow the allegations of the

7  complaint. The Court rejects this narrow characterization and view of the allegations. At this

8  juncture, the Court finds that Hutchins has pled enough factual content for the Court to draw the

9  reasonable inference that Vallejo is liable under *Monell* and its progeny.

10      Accordingly, Vallejo's motion to dismiss is **DENIED**. Vallejo and defendants shall answer

11  the complaint within **twenty-one (21) days** of this order. Further, a Case Management

12  Conference shall be set for **Monday, March 16, 2020** at **2:00 p.m.** in Courtroom 1 of the United

13  States Courthouse located at 1301 Clay Street in Oakland, California.

14      This Order terminates Docket Number 14.

15      **IT IS SO ORDERED.**

16

17  Dated: February 11, 2020

        **YVONNE GONZALEZ ROGERS**
18      **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28